IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FERNANDO GONZALEZ, | : | Civil No. 3:22-cv-1883 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| STEPHEN SPAULDING, | : | |
| Respondent | : | |

### MEMORANDUM

Petitioner Fernando Gonzalez ("Gonzalez") initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, requesting that the Court apply his earned time credits ("ETCs") under the First Step Act ("FSA"). (Doc. 1). For the reasons set forth below, the Court will dismiss the habeas petition.

### I.    Background

On June 24, 2021, Gonzalez was sentenced to a ninety (90) month term of imprisonment for conspiracy to possess with intent to distribute heroin and cocaine, and money laundering, imposed by the United States District Court for the Southern District of New York. (Doc. 6-1, pp. 4-6, Public Information Inmate Data). His projected release date is November 26, 2023, via earned time credits under the First Step Act. (*Id.*).

The Administrative Remedy Generalized Retrieval reveals that, while in the custody of the Federal Bureau of Prisons ("BOP"), Gonzalez has not filed any administrative remedies. (Doc. 6-1, p. 8).

In his § 2241 petition, Gonzalez alleges that BOP has failed to apply his earned time credits under the First Step Act and argues that he is entitled to the application of 105 days of ETCs. (Doc. 1). Respondent contends that Gonzalez' § 2241 petition must be dismissed because he failed to exhaust his administrative remedies prior to initiating this action. (Doc. 6).

## II.  Discussion

Although there is no explicit statutory exhaustion requirement for § 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims. *See Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000) (citing *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986)); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion allows the relevant agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy." *Moscato*, 98 F.3d at 761-62 (citations omitted). The Bureau of Prisons has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment. *See generally* 28 C.F.R. §§ 542.10-.19. That process begins with an informal request to staff and progresses to formal review by the warden, appeal with the Regional Director, and—ultimately—final appeal to the General Counsel. *See id.* §§ 542.13-.15. No administrative remedy appeal is considered fully exhausted until reviewed by the General Counsel. *Id.* § 542.15(a).

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude federal habeas review.  *See Moscato*, 98 F.3d at 761.  Only in rare circumstances is exhaustion of administrative remedies not required.  For example, exhaustion is unnecessary if the issue presented is one that consists purely of statutory construction.  *See Vasquez v. Strada*, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)).  Exhaustion is likewise not required when it would be futile.  *Rose v. Lundy*, 455 U.S. 509, 516 n.7 (1982).

The BOP maintains a database known as the SENTRY Inmate Management System ("SENTRY").  In the ordinary course of business, computerized indexes of all formal administrative remedies filed by inmates are maintained by the Institution, Regional, and Central Offices.  SENTRY generates a report titled "Administrative Remedy Generalized Retrieval" which allows codes to be entered to identify the reason or reasons for rejecting a request for administrative relief.  Gonzalez's Administrative Remedy Generalized Retrieval report demonstrates that he failed to properly exhaust the claims in the instant habeas petition.  (Doc. 6-1, p. 8).  The record reflects that Gonzalez has not filed a single administrative remedy while in BOP custody.  (*See id.*).

Even if Gonzalez thought pursuit of his administrative remedies would be futile, "[c]ourts in the Middle District of Pennsylvania have consistently held that 'exhaustion of administrative remedies is not rendered futile simply because a prisoner anticipates he will be unsuccessful in his administrative appeals.'"  *Ross v. Martinez*, No. 4:09-cv-1770, 2009

WL 4573686, at *3 (M.D. Pa. Dec. 1, 2009) (quoting *Malvestuto v. Martinez*, No. 1:09-cv-1339, 2009 WL 2876883, at *3 (M.D. Pa. Sept. 1, 2009)).  Moreover, while the Court recognizes that administrative exhaustion is not required if "the issue presented only pertains to statutory construction," *Kurti v. White*, No. 1:19-cv-2109, 2020 WL 2063871, at *3 (M.D. Pa. Apr. 29, 2020), the instant case involves a dispute regarding Gonzalez's eligibility for earned time credits and the specific number of ETCs earned by Gonzalez.  The latter issue is unrelated to statutory construction and, therefore, the exhaustion requirement cannot be excused.  Gonzalez's claim is the type of FSA earned-time-credit dispute that must first be presented to BOP officials and properly exhausted.

Because Gonzalez did not exhaust his administrative remedies, and no exception applies, his § 2241 petition must be dismissed.  *See Moscato*, 98 F.3d at 762.  To hold otherwise would frustrate the purposes of the exhaustion doctrine by allowing Gonzalez to invoke the judicial process despite failing to complete administrative review.

### III.   Conclusion

Based on the foregoing, the Court will dismiss the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  A separate Order shall issue.

                         s/ Robert D. Mariani
                         Robert D. Mariani
                         United States District Judge

Dated: December 28, 2022